UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HOUA YANG,

    Petitioner,

  v.                                 Case No. 06-C-0976

JUDY SMITH,

    Respondent.

**ORDER DISMISSING PETITION**

On September 15, 2006, Houa Yang filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Although Yang claims in his petition that he plead guilty to burglary while masked and armed and two counts of recklessly endangering safety, the Wisconsin Circuit Court Access Program (CCAP) states that his convictions were for armed robbery while masked, kidnapping and first-degree recklessly endangering safety. In any event, both Yang's petition and CCAP are in agreement that he was sentenced on May 31, 1995, to fifty-nine years in the Wisconsin State Prison System.

Upon my initial screening of the petition pursuant to Rule 4 of the rules governing § 2254 cases, I noted that it appeared that the petition was time-barred and that Yang had failed to exhaust his state court remedies. A one-year period of limitation applies to applications for federal habeas corpus by persons in custody pursuant to judgments of state courts. 28 U.S.C. § 2244(d)(1). In addition, an application for a writ of habeas corpus from a prisoner in state custody may not be

granted unless it appears that the applicant has exhausted his state-court remedies. 28 U.S.C. § 2254(b)(1). To exhaust state court remedies, the petitioner must provide the state courts with a full and fair opportunity to review his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This exhaustion requirement means that the petitioner must appeal adverse state-court decisions all the way to the state supreme court when doing so is a part of the ordinary appellate review procedure in that state. *Id.* 526 at 847.

Based upon the foregoing concerns, the court directed the petitioner to show cause why the petition should not be dismissed as time-barred. Yang has now filed a response in which he asserts various explanations for his failure to seek federal relief earlier, including, that he was out of state for a number of years after his conviction, his attorney failed to follow through with his appeal, that he was unaware of the one-year statute of limitations, and that he has just discovered case law that would benefit him in his claim for relief. He offers no evidence that state court proceedings were pending throughout this period of time.

None of the reasons set forth by Yang in his response is sufficient to keep his petition alive. As I noted in the Order to Show Cause, because Yang was convicted before the Anti-terrorism and Effective Death Penalty Act (AEDPA) was enacted, the one-year clock started ticking for him on April 24, 1996, AEDPA's effective date and would have expired on April 24, 1997, absent some event tolling it. None of the reasons set forth by Yang in his response justify the delay of some nine years in filing for federal habeas. Although the courts have held that the one-year habeas statute of limitations may be subject to equitable tolling, such relief is available only where the petitioner is unable to file the action within the statutory period due to extraordinary circumstances outside of his control and through no fault of his own. *Arrieta v. Baataglia,* 461 F.3d 861, 867 (7th Cir. 2006).

2

"Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling." *Id.* Here, Yang has alleged no extraordinary circumstances outside of his control that would justify his failure to file within the one-year time limit.

In addition, Yang states in his petition that, although he initially filed a notice of intent to pursue post-conviction relief, he did not appeal his conviction and has not filed for further relief in the highest state court. He also notes that, while he has since filed motions for post-conviction relief in the circuit court, "no petition for review was filed in the Supreme Court of Wisconsin or any other court. (Petition at 3.) Based upon these allegations, it is also clear that Yang has failed to exhaust his state court remedies. For this reason, as well as because the petition is time-barred, I conclude from the face of the petition that Yang is not entitled to federal relief. Accordingly, the petition is denied and this case is ordered dismissed.

**SO ORDERED** this ___20th___ day of October, 2006.

                                               s/ William C. Griesbach
                                               William C. Griesbach
                                               United States District Judge